**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Dean Hurles,<br><br>      Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>      Respondents. | No. CV-00-0118-PHX-RCB<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Petitioner Richard Dean Hurles is a state prisoner sentenced to death. Before the Court is Petitioner's Motion for Reconsideration, which asks the Court to reconsider its rulings on the procedural status of a number of his habeas claims. (Dkt. 74.)[1] Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner contends that the Court clearly erred in its resolution of the procedural status of claims 1, 3, 4, 5, 6, and 7. Because the Court did not clearly err, Petitioner's motion will be denied.

With respect to Claim 1, Petitioner argues that the Court did not consider certain arguments he made in support of cause to overcome procedural default. The Court did not err. In Petitioner's Traverse, he condensed and summarized for the Court's convenience the

---

[1] "Dkt." refers to the documents in this Court's case file.

1  procedural arguments he made for each individual claim. (*See* Dkt. 42 at 67.)  With respect
2  to cause to overcome the procedural default of Claim 1, Petitioner asserted only ineffective
3  assistance of appellate counsel. (*See id.* at 69.)  The Court considered and rejected this
4  argument. (Dkt. 73 at 15-16.)  Reconsideration on this basis is denied.

5  Similarly, Petitioner contends that the Court failed to consider the cause arguments
6  he presented regarding Claims 3, 4, and 5. (Dkt. 74 at 4-5.)  The Court did not err.  In
7  Petitioner's Traverse, he failed to raise cause arguments to overcome procedural default with
8  respect to Claims 3, 4, and 5. (*See* Dkt. 42 at 73-84.)  Reconsideration on this basis is denied.

9  Finally, Petitioner argues that the Court clearly erred in determining that Claims 6 and
10  7 were procedurally defaulted pursuant to Arizona Rule of Criminal Procedure 32.2(a)(3)
11  because, following a motion to clarify the post-conviction ruling (Dkt. 72 at 604), the post-
12  conviction court changed the basis of its ruling and concluded that Claims 6 and 7 were
13  precluded pursuant to Rule 32.2(a)(2) rather than Rule 32.2(a)(3). (*Id.*; ME at 52.)[2]
14  Petitioner contends that a state-court ruling based on Rule 32.2(a)(2) permits this Court's
15  review of the merits of Claims 6 and 7. (Dkt. 74 at 5.)

16  While the Court does not disagree with Petitioner that the post-conviction court
17  clarified its procedural ruling with respect to Claims 6 and 7, such clarification does not
18  entitle the claims to merits review by this Court because Petitioner did not take the
19  opportunity to fairly present Claims 6 and 7 to the Arizona Supreme Court in his Petition for
20  Review. (*See* Dkt. 72 at 1-1 thru 1-15.)  To properly exhaust state remedies, the petitioner
21  <u>must</u> "fairly present" his claims to the state's highest court in a procedurally appropriate
22  manner.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also* 28 U.S.C. §
23  2254(b)(1)(A) (stating that a habeas petition shall not be granted unless the petitioner has
24  exhausted the remedies available in the state courts).  Petitioner did not exhaust Claims 6 and
25  7 in state court.  Therefore, Claims 6 and 7 are not entitled to review on the merits.

---

27  [2] "ME" refers to the minute entries from Petitioner's successive post-conviction relief
28  proceedings.

- 2 -

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration. (Dkt. 74.)

DATED this 19th day of October, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -