**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Dean Hurles, | No. CV-00-0118-PHX-RCB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Dora B. Schriro, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion to Alter or Amend Judgment filed pursuant to Rules 59(e) and 52(b) of the Federal Rules of Civil Procedure. (Dkt. 107.) On September 30, 2008, the Court denied Petitioner's amended habeas corpus petition and entered judgment. (Dkts. 99, 100.) The Court simultaneously issued a COA with respect to Claims 2, 6 (in part), and 7 (in part). (Dkt. 99 at 46.) In the present motion, Petitioner challenges the Court's resolution of Claims 2 and 6 and requests that the Court issue a COA as to Claim 10 and an additional aspect of Claim 6.

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist.*

1  *No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

2  　　　1. Judicial Bias Claim

3  　　　Petitioner seeks reconsideration of the Court's denial of his claim that his federal due

4  process rights were violated when the state trial judge continued to preside at his trial and

5  sentencing after becoming a party in a Special Action proceeding filed by Petitioner (Claim

6  2).  He also challenges the Court's denial of his requests for discovery and an evidentiary

7  hearing on this claim.

8  　　　A motion for reconsideration should not be used to ask a court "to rethink what the

9  court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel*

10  *Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).  Such arguments should be

11  directed to the court of appeals. *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 309

12  (D. Ariz. 1992).  Petitioner essentially reurges the same arguments already considered by the

13  Court; therefore, his request for reconsideration is denied.

14  　　　2.  Procedural Bar of Ineffective Assistance of Counsel (IAC) Claims

15  　　　Petitioner seeks reconsideration of that part of the Court's September 2008 order that

16  addressed the procedural default of parts of Claims 6 and 7, alleging IAC at trial and on

17  appeal.  In his merits brief, Petitioner presented new arguments as a basis for reconsideration

18  of the Court's denial of his motion for reconsideration following the Court's July 2006 order

19  addressing the procedural status of his claims.   The Court expressly addressed these

20  arguments in its September 2008 order.  (Dkt. 99 at 29-31.)  In the instant motion, Petitioner

21  reurges the same arguments already presented in his merits brief and considered by the Court.

22  The Court declines to consider these arguments a second time.

23  　　　3. IAC on Appeal

24  　　　In Claim 6, Petitioner argued that appellate counsel's representation was

25  constitutionally deficient because he failed to raise on appeal a claim alleging that the

26  sentencing court had failed to consider the "cumulative weight" of his proffered mitigation,

27  in particular evidence of his mental and learning disabilities and his use of alcohol and drugs

28  at the time of the murder.  Petitioner seeks reconsideration of the Court's conclusion that the

1   Arizona Supreme Court's independent reweighing of Petitioner's proffered mitigation

2   evidence cured any harm Petitioner may have suffered from appellate counsel's allegedly

3   deficient representation. (*See* Dkt. 99 at 38-39.)  Petitioner  argues that this Court's ruling

4   is erroneous because the Arizona Supreme Court applied an improper "nexus" test – by

5   requiring a causal relationship between his impairments and actions at the time of the crime

6   – and therefore did not consider all of his proffered mitigation. (Dkt. 107 at 15-16.)  The

7   record, as described in the Court's September 2008 order, belies Petitioner's argument.

8          Nothing in  the ruling of the Arizona Supreme Court indicates it refused to consider

9   any of Petitioner's mitigating evidence, either individually or cumulatively, in conducting

10  its independent review of his sentence.  *See State v. Hurles*, 185 Ariz. 199, 207, 914 P.2d

11  1291, 1299 (1996).  The court expressly stated:

12          A difficult family background, including childhood abuse, does not
       necessarily have substantial mitigating weight absent a showing that it
13     significantly affected or impacted a defendant's ability to perceive, to
       comprehend, or to control his actions.  No such evidence was offered, and the
14     trial judge did not err in concluding that Hurles' family background was not
       sufficiently mitigating to require a life sentence.
15
           The judge also found that Hurles had good behavior while incarcerated
16     prior to committing the murder.  Taken either by itself or in combination with
       Hurles' family background, we do not believe this sufficiently mitigates the
17     quality of the aggravating circumstance.  A life sentence would not be more
       appropriate.
18

19  *Id.*. at 207-08, 914 P.2d at 1299-1300 (citation omitted).  Although the court focused on the

20  trial judge's findings, which primarily addressed mitigation relating to Petitioner's family

21  background and his good conduct while previously incarcerated, this does not establish that

22  the supreme court failed to carry out its responsibility to independently consider all of

23  Petitioner's proffered mitigation.  *See Lopez v. Schriro*, 491 F.3d 1029, 1037 (9th Cir. 2007),

24  *cert. denied*, 128 S.Ct. 1227 (2008) (rejecting a claim that the sentencing court failed to

25  consider proffered mitigation where the court did not prevent the defendant from presenting

26  any evidence in mitigation, did not affirmatively indicate there was any evidence it would

27  not consider, and expressly stated it had considered all mitigation evidence proffered by the

28  defendant); *see also Jeffers v. Lewis*, 38 F.3d 411, 418 (9th Cir. 1994) (en banc) (holding that

1    when it is evident that all mitigating evidence was considered, the trial court is not required
2    to discuss each piece of such evidence); *Moormann v. Schriro*, 426 F.3d 1044, 1055 (9th Cir.
3    2005) (noting that "the trial court need not exhaustively analyze each mitigating factor 'as
4    long as a reviewing federal court can discern from the record that the state court did indeed
5    consider all mitigating evidence offered by the defendant'") (quoting *Clark v. Ricketts*, 958
6    F.2d 851, 858 (9th Cir. 1991)).  Moreover, it is evident from the court's own words that it
7    did not refuse to consider Petitioner's evidence because of a lack of a causal connection;
8    rather, it expressly stated that absence of a nexus affected only whether the evidence was
9    entitled to "substantial mitigating weight." *Hurles*, 185 Ariz. at 207, 914 P.2d at 1299; *see*
10   *Eddings v. Oklahoma*, 455 U.S. 104, 114-15 (1982) ("The sentencer . . . may determine the
11   weight to be given the relevant mitigating evidence.").  Reconsideration is denied.

12          Petitioner also asks the Court to expand the COA to include this claim.  Upon further
13   consideration, the Court will grant a COA on this aspect of Claim 6, alleging appellate IAC
14   for failing to raise on appeal a claim alleging that the sentencing court had failed to consider
15   the "cumulative weight" of his proffered mitigation.

16          4. COA for Claim 10

17          Petitioner asks the Court to amend the COA to include his claim that the trial court
18   committed constitutional error when it admitted "inflammatory hearsay" at trial (Claim 10).
19   (Dkt. 107 at 19-20.)  Specifically, Petitioner contends that the admission of "statements
20   concerning Dale Hurles's fear that Petitioner would rape his close relatives were not only
21   inadmissible hearsay evidence, but also highly prejudicial" and argues the Court should
22   certify this issue because it is debatable among jurists of reason and another court could
23   resolve the issue differently.  (*Id*.)  The Court disagrees and declines to grant a COA on this
24   claim.

25          Based on the foregoing,

26          **IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment
27   (Dkt. 107) is **DENIED**.

28          **IT IS FURTHER ORDERED** that Petitioner's request to amend the Certificate of

Appealability is **GRANTED IN PART**.  The Certificate of Appealability is amended to include the following issue:

> Whether the Court erred in determining that Petitioner was not denied effective assistance of counsel on appeal when counsel failed to raise on appeal a claim asserting that the sentencing court had failed to consider the "cumulative weight" of his proffered mitigation.

DATED this 15th day of November, 2008.

Robert C. Broomfield
Senior United States District Judge