WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Dean Hurles,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-00-118-PHX-DLR<br><br>DEATH PENALTY CASE<br><br>ORDER |

This matter, remanded from the Ninth Circuit, is set for an evidentiary hearing on Petitioner's judicial bias claim. Before the Court is Petitioner's motion to compel disclosure. (Doc. 161.) He seeks the following information: 1) a list of special actions filed after January 1, 1990, in which the office of the Arizona Attorney General represented a judge or the court named as the petitioner or respondent, and 2) a list of special actions in which Colleen French, while employed as an Assistant Attorney General, represented a party in a special action. (*Id.*) Respondents oppose the motion. (Doc. 164.)

**DISCUSSION**

A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). Rule 6 of the Rules Governing Section 2254 Cases provides that:

> A judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

> . . . A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rule 6(a) and (b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (emphasis added).

Whether a petitioner has established "good cause" for discovery under Rule 6(a) requires a court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

In remanding the case, the Ninth Circuit directed this Court to determine "whether the probability that Judge Hilliard harbored actual [bias] against Hurles is too high to be constitutionally tolerable." *Hurles v. Ryan*, 752 F.3d 768, 792 (9th Cir. 2014) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). To make the determination, the Court must ask "whether the average judge, in Judge Hilliard's position, was likely to sit as a neutral, unbiased arbiter or whether there existed an unconstitutional risk of bias." *Id.* The Ninth Circuit explained that impermissible bias could be shown by "proof that Judge Hilliard participated in the special action proceedings as more than a nominal party, had contact with French, commissioned or authorized the responsive pleading or provided any input on the brief" or became "embroiled in a running, bitter controversy" with Petitioner or counsel. *Id*.

The Court agrees with Respondents that the interview statements made by Commissioner French, which form the basis for Petitioner's request for disclosure, do not suggest that it was unusual for the Attorney General's Office to respond to a special action on behalf of a judge or court. French was asked "how many special actions you think you were involved in?" (Doc. 161-1.) She answered, "I can think of one other one." (*Id.*) Even assuming there is some relevance to the frequency of these special actions, the fact that Commissioner French had been involved in two special actions says nothing

- 2 -

about the rarity of cases such as Petitioner's.

In addition, as Respondents note, information about unrelated special actions where the Attorney General's Office represented a court or a judge are irrelevant to a determination of whether Judge Hilliard in fact was personally involved in Petitioner's special action. Even assuming, as Petitioner speculates, that the rarity of such cases might suggest a higher level of participation on Judge Hilliard's part, such information is not relevant to the issue of Judge Hilliard's actual level of participation, which can only be established by the testimony of Commissioner French and Judge Hilliard herself. Information about other special actions will not answer the question posed by the Ninth Circuit on remand: whether Judge Hilliard participated in the special action as more than a nominal party, had contact with French, or commissioned, authorized, or provided input on the responsive brief. *Hurles*, 752 F.3d at 792.

For these reasons, Petitioner has not shown "good cause" for the requested disclosure.

Accordingly,

**IT IS ORDERED** denying Petitioner's motion to compel disclosure (Doc. 161).

Dated this 4th day of January, 2016.

Douglas L. Rayes
United States District Judge