**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Dean Hurles, | No. CV-00-118-PHX-DLR |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' motion to strike Hurles' notice of disclosure and preclude testimony by Noel Fidel. (Doc. 174.) The motion will be denied in part as set forth below.

This matter is set for an evidentiary hearing on January 29, 2016, on Petitioner's judicial bias claim. The Court ordered Hurles to disclose his expert witnesses by October 29, 2015. (Doc. 157.) Hurles timely disclosed Mark Harrison, a judicial ethics expert, on that date.

The Court held a status conference on December 16, 2015. On the day of the status conference Hurles filed a motion to compel disclosure, seeking a list of every special action over the last 25 years in which the Arizona Attorney General's office represented a judge or court as a named party. (Doc. 161.) The Court denied the motion, finding that Hurles had not established good cause for the disclosure. (Doc. 170.) The Court explained that "information about unrelated special actions where the Attorney General's Office represented a court or a judge are irrelevant to a determination of

whether Judge Hilliard in fact was personally involved in Petitioner's special action," noting that the key evidence about Judge Hilliard's involvement would necessarily come from Commissioner French and Hilliard herself. (*Id.*)

On January 13, 2016, Hurles disclosed a second expert witness, Noel Fidel. (Doc. 173.) Fidel, a former Maricopa County Superior Court and Court of Appeals judge, would offer the following opinions:

> 1) only in rare and limited instances would judges named as nominal respondents in petitions for special actions have been represented by counsel to defend the validity of their rulings; 2) for this reason, the Court of Appeals in the Hurles special action raised the issue of standing on its own motion and ordered supplemental briefing on that issue; and 3) a reasonable judge, upon learning that a document defending his or her ruling would be filed in the judge's own name in court, would carefully review the document for any inaccuracies or improprieties.

(*Id.*, Ex. 1.)

In opposing Respondents' argument that the notice was untimely, Hurles states that the "catalyst for calling Mr. Fidel" came during the December 16 status conference, when the Court, while discussing Hurles' motion to compel disclosure, suggested that Hurles call a witness in lieu of obtaining the requested discovery on the question of the rarity of judges being represented by the Attorney General's office in special actions. (Doc. 175 at 3.) Hurles argues that this aspect of Fidel's testimony is relevant because "Hilliard claims that she paid little attention to the attorney general's filings in the Hurles special action because they were commonplace since the attorney general represented judges in every special action." (*Id.* at 4.)

Respondents reply that the disclosure of Fidel remains untimely except with respect to testimony about the rarity of a judge appearing in a special action represented by counsel. (Doc. 176 at 2, n.1.) The Court agrees. Hurles timely disclosed a judicial ethics expert. Fidel was disclosed only in response to the Court's comments at the status conference, which implicated only the first of the proposed areas of Fidel's testimony.

The Court also agrees that Fidel may not offer legal conclusions about the ultimate issue in the case; i.e., whether a reasonable judge in Hilliard's position would have acted

as she did. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (explaining "an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law") (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

Accordingly,

**IT IS ORDERED** denying in part Respondents' motion to strike (Doc. 174). Fidel will be allowed to testify as set forth above.

Dated this 26th day of January, 2016.

Douglas L. Rayes
United States District Judge